TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KEITH D. ELLISON (Cal. Bar No. 307070)
GREGG E. MARMARO (Cal. Bar No. 338627)
Assistant United States Attorneys
International Narcotics, Money
 Laundering & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6920/8500
     Facsimile: (213) 894-0141
     E-mail:    keith.ellison2@usdoj.gov
                gregg.marmaro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-226-JAK |
| Plaintiff, | JOINT STATEMENT RE: DEFENDANT JIMMY LEON LERMA'S RULE 11 PLEA |
| v. | |
| JIMMY LEON LERMA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Keith D. Ellison and Gregg E. Marmaro, and defendant Jimmy Leon Lerma ("defendant"), by and through his counsel of record, Jerome J. Haig, hereby submit this joint statement regarding defendant's Rule 11 plea.

## GUILTY PLEA

1. Defendant intends to plead guilty to the Indictment in United States v. Jimmy Leon Lerma, CR No. 20-226-JAK, which charges

defendant with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii).

## NATURE OF THE OFFENSE

2. For defendant to be guilty of the crime charged in the Indictment, that is, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), the following must be true: (1) defendant knowingly possessed methamphetamine; and (2) defendant possessed it with the intent to distribute it to another person.

3. For defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with the intent to distribute at least five grams of actual methamphetamine.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), is: 40 years' imprisonment; a lifetime period of supervised release; a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a), (b)(1)(B)(viii) is: five years' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

6. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. If defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9. If defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. While there may be arguments

that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.

## FACTUAL BASIS

10. If this case was to proceed to trial, the government would prove the following beyond a reasonable doubt:

On September 17, 2016, in Los Angeles County, within the Central District of California, defendant knowingly possessed approximately 49.5 grams of actual methamphetamine with the intent to distribute the methamphetamine to another person.

## SENTENCING FACTORS

11. In determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). The Sentencing Guidelines are advisory only. Defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range. After considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

12. Defendant and the United States Attorney's Office for the Central District of California ("the USAO") have made no agreement as to the applicable Sentencing Guidelines factors, or the applicable specific offense characteristics, adjustments, and departures under the Sentencing Guidelines, or defendant's criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. By pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

///

///

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: June 2, 2022                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                            /s/
                                       KEITH D. ELLISON
                                       GREGG E. MARMARO
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA



Dated: June 2, 2022                     /s/ via email authorization
                                       JEROME J. HAIG
                                       Attorney for Defendant
                                       JIMMY LEON LERMA